IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ROBERTA RAE GUMM,

        Plaintiff,

vs.

FEDERAL BUREAU OF PRISONS
et al.,

        Defendants.

Case No. 4:06-cv-00014-RRB

ORDER PERMITTING
<u>AMENDED COMPLAINT</u>

On   June  19,  2006,   Roberta  Rae  Gumm,  representing  herself,  filed  a

complaint  claiming  that  her  Eighth  Amendment  rights  were  violated  by  the

defendants, most of whom are Oklahoma and California residents, when they denied

her adequate medical care for an injury sustained when she was incarcerated in

Oklahoma.[1]  Ms. Gumm has also filed an application to waive the filing fee.[2]  First,

therefore, the Court must screen Ms. Gumm's complaint, and must dismiss if the

action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

---

[1]  *See* Docket No.  1.

[2]  *See* Docket No.  3.

granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief."[3]   As explained by the Fourth Circuit Court of Appeals, "screen[ing] out

meritless cases" is necessary to prevent the abuse of "free access to the courts."[4]

Personal Jurisdiction and Venue

In this case, most of the defendants are residents of the state of Oklahoma

and California, and Ms. Gumm claims that the majority of the actions supporting her

complaint occurred in Oklahoma.   For this Court to have personal jurisdiction over

the Oklahoma and California residents, those individuals must have had minimum

contacts with the State of Alaska.   The Ninth Circuit Court of Appeals has explained:

> Once it has been decided that a defendant purposefully established
> minimum contacts with a forum, "he must present a compelling case
> that the presence of some other considerations would render
> jurisdiction unreasonable' in order to defeat personal jurisdiction. ... We
> consider seven factors in weighing reasonableness:  (1) the extent of
> the defendants" purposeful interjection into the forum state's affairs; (2)
> the burden on the defendant of defending in the forum; (3) the extent
> of conflict with the sovereignty of the defendants' state; (4) the forum
> state's interest in adjudicating the dispute; (5) the most efficient judicial
> resolution of the controversy; (6) the importance of the forum to the

---

[3]  28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d
845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not
limited to prisoners," and subsection (iii) requires "dismissal of in forma
pauperis proceedings that seek monetary relief against immune
defendants"); *Minetti v. Port of Seattle*, 152 F.3d 1113,  1115 (9th Cir.1998)
(quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.
1987) (deny leave waive the filing fee "at the outset if it appears from the
face of the proposed complaint that the action is frivolous or without merit").

[4]  *See Nasim v. Warden, Maryland House of Correction*, 64 F.3d
951, 953 (4th Cir. 1995) (en banc), *cert. denied,* 116 S.Ct. 1273 (1996),
following *Neitzke v. Williams*, 490 U.S. 319, 324-328 (1989).

plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.[5]

In addition, as to events that arose in Oklahoma and California, under 28 U.S.C. § 1391, this action most likely should be brought in Oklahoma and/or California.

<u>Section 1915 Screening</u>

In conducting its review of the merits of Ms. Gumm's complaint, the Court is mindful that it must liberally construe her pleadings and give her the benefit of any doubt.[6]  Before a court may dismiss Ms. Gumm's complaint for failure to state a claim upon which relief may be granted, the Court must provide her with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[7]

---

[5] *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

[6] *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff. ...  Additionally, in general, courts must construe *pro se* pleadings liberally."); *Jackson v. Carey*, 353 F.3d 750 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.");  *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (self-represented prisoner's claims must be liberally construed, and given the benefit of any doubt); *Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir. 1996).

[7] *See Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) ("Futility of amendment ... frequently means that 'it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement.'") (citations excluded); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *see also Jackson v. Carey*, 353 F.3d

As a federal court, this Court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases.  It is Ms. Gumm's burden, as the plaintiff, to show that this Court has jurisdiction to hear the claims.[8]  "To sustain a claim under § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right."[9]  As explained by the United States Supreme Court, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."[10]  This Court is not a court of appeals for state court decisions.[11]

---

750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)"); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) ("Dismissal without leave to amend is proper only in 'extraordinary' cases.") (citation omitted).

[8]  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

[9]  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted).

[10]  *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979).

[11]  *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) (citing, inter alia, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 476 (1983)) (a United States district court "has no authority to review the final determinations of a state court in judicial proceedings," even where the challenge to the state court decision involves federal constitutional issues)); *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) ("As courts of original jurisdiction ... federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings.").

Right to Medical Care

Ms. Gumm claims that she was denied adequate medical care for an injury

sustained while she was imprisoned in Oklahoma, and that, after being transferred

to a half-way house in Alaska for 60 days, that denial of medical care continued.  Ms.

Gumm further states that she was denied driving privileges, which further

aggravated her condition, because she was forced to find immediate employment,

and was forced to walk 1/4 mile, and to wait 45 minutes for a van to pick her up from

work.[12]

Ms. Gumm is cautioned that it is much harder to state a claim under federal

law, than to state a claim for medical malpractice under state law, and that she may

want to consider filing a medical malpractice lawsuit in **state court** for this claim.  To

state a claim based upon inadequate medical care under the Eight Amendment to

the Constitution, Ms. Gumm must allege facts showing **deliberate indifference** to

serious medical needs.  This claim must involve **more than malpractice**.[13]  A

difference of opinion between medical officials, or between prison doctors and the

---

[12] *See* Docket No. 1 at 11-12, paragraphs 35-37.

[13] *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Hallett v. Morgan*, 287 F.3d 1193, 1205 (9th Cir. 2002) ("First, [Plaintiffs] must prove that Defendants have deprived them of the 'minimal civilized measure of life's necessities.' ... Second, Plaintiffs must demonstrate that Defendants acted with 'deliberate indifference' in doing so.") (citations omitted); *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992) (Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment.") (citations omitted).

inmate, does not establish deliberate indifference unless the prisoner demonstrates that the course of treatment was chosen with conscious disregard to the inmate's health.[14]

Under the Eighth Amendment's standard of deliberate indifference, a person is liable for denying needed medical care to a prisoner only if the person "knows of and disregards an excessive risk to inmate health and safety."[15] If the defendant should have been aware of the risk, but was not, s/he has not violated the Eighth Amendment, no matter how severe the risk.[16] But if the defendant is aware of a substantial risk of serious harm, s/he may be liable for neglecting a prisoner's serious medical needs on the basis of action **or** inaction.[17]

The Ninth Circuit looks at two elements in cases alleging deliberate indifference to a prisoner's medical needs:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."[18] A medical

---

[14]  *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

[15]  *Farmer v. Brennan*, 511 U.S. at 825, 837 (1994).

[16]  *See Jeffers v. Gomez*, 267 F.3d 895, 914 (9th Cir.2001).

[17]  *See Farmer*, 511 U.S. at 842.

[18]  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (denial of treatment for serious medical needs violates the Constitution; delay of, or interference with treatment, violates the Constitution if it leads to further serious injury).

need is serious, and in violation of the Eighth Amendment, if the failure to treat the inmate's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."[19]    As explained by the Ninth Circuit, the "Eighth Amendment is not a basis for broad prison reform. It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable."[20]  The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain," which includes sanctions that are "so totally without penological justification that [they result] in the gratuitous infliction of suffering."[21]

<u>Individual v. Official Capacity</u>

Individual (or personal) capacity suits "seek to impose personal liability upon a government official for actions [the official] takes under color of state law."[22] Liability in an **individual capacity** suit for **money damages** can be demonstrated by showing that the official **caused** the alleged injury.[23]

---

[19]  *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104).

[20]  *Hallett v. Morgan*, 287 F.3d at 1205.

[21]  *Hoptowit v. Ray*, 682 F.2d at 1246 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

[22]  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

[23]  *See id.* at 166.

Thus, in order to state a viable civil rights claim against state officials in their individual capacities, allegations of **personal participation** are required.[24]  Without allegations of personal participation, the claim must be dismissed.  "State officials are not subject to suit under section 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights."[25]  In addition, state officials cannot be held liable for alleged civil rights violations under the theory of respondeat superior.[26]  In other words, supervisors cannot be held personally liable merely due to the fact that they have authority over other defendants or employees.

If sued in their **official capacity** for **injunctive relief**, rather than money damages, the Eleventh Amendment does not bar suit.  State officials sued in their official capacity are persons for purposes of § 1983, "because official-capacity actions for prospective relief are not treated as actions against the  State."[27]  In an

---

[24] *See Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988).

[25] *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) (citation omitted).

[26]  *See e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (insufficient showing of direct participation by Attorney General or Director of State Prison).

[27]  *Kentucky v. Graham,* 473 U.S. at 167 n. 14; *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan*, 491 U.S. 58, 71 n. 10 (1989); *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1370-71 (9th Cir.), *cert. denied*, 506 U.S. 1011 (1992); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991); *Price v. Alaska*, 928 F.2d 824, 828 n. 3 (9th Cir. 1990), *cert. denied*, 502 U.S. 967 (1991). Official capacity actions filed against state officials for damages are merely an alternative way of pleading an action against the state.  *See Kentucky v. Graham*, 473 U.S. at 165; *Hafer v. Melo*, 502 U.S. 21, 27 (1991).  Because

AMEND

official capacity suit, Ms. Gumm must demonstrate that a **policy or custom** of the government entity of which the official is an agent was the moving force behind the violation.[28]  Ms. Gumm must decide, for each defendant, whether he or she is being sued in his or her individual (requesting money damages) or official (requesting injunctive relief) capacity; only rarely will both apply.

<u>Amending Complaint</u>

Ms. Gumm will be given an opportunity amend her complaint before service,[29] to state a cognizable claim for relief in federal court against individual Alaska defendants who, under color of law, injured her in violation of her federal rights.  In any amended complaint, she must state, specifically, what **each individual defendant** did or did not do which she believes constitutes a legal wrong, and what specific relief she seeks from the Court for those specific injuries.  Because Ms. Gumm is alleging violations of civil rights, the Court has attached a form to assist her in amending the complaint in compliance with this Order.

In completing this civil rights form, Ms. Gumm must give **dates and facts** in support of each claim.  Ms. Gumm should state the facts in her own words, as if she

---

the state is not a person for purposes of § 1983, "state officials, when sued for damages in their official capacities, are likewise not 'persons' within the meaning of § 1983."  *Guam Soc. of Obstetricians & Gynecologists*, 962 F.2d at 1371.

[28]  *See Kentucky v. Graham*, 473 U.S. at 166.

[29]  *See* FED. R. CIV. P 15(a).

were briefly telling someone what happened. The facts must specifically allege how **each** defendant has harmed her.  Ms. Gumm must **avoid stating conclusions**.[30]

Further, Ms. Gumm should make no reference to the initial complaint or other extraneous documents.  The Court cannot refer to a prior pleading in order to make the amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.[31]  This is because, as a general rule, an amended complaint supersedes (takes the place of) the original complaint.[32]


**IT IS THEREFORE ORDERED:**

1.    Ms. Gumm's complaint, at docket number 1, is DISMISSED without prejudice to Ms. Gumm properly filing an action against the Oklahoma and California defendants in Oklahoma and/or California.

---

[30] *But see Maduke v. Sunrise Hospital*, No. 03-15332 (9th Cir. July 15, 2004) (district court dismissed plaintiff's complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted, and the Court reversed, finding that plaintiff's conclusory allegations of racial discrimination were sufficient to move the case forward).

[31] *See* D.Ak.LR 15.1(2).

[32] *See Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n. 2 (1982) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (as a general rule, an amended complaint supersedes (takes the place of) the original complaint).

2.    Ms. Gumm will be permitted to amend her complaint in this Court, on or before **August 14, 2006**, naming as defendants, only those with ties to the State of Alaska, and addressing the issues explained above.

3.    The Clerk of Court is directed to send a copy of this Court's form PS01,[33] Complaint Under the Civil Rights Act, with instructions, to Ms. Gumm with a copy of this Order.

4.    In the alternative, Ms. Gumm may file the enclosed notice of voluntary dismissal, without prejudice, on or before **August 14, 2006**.

5.    The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Ms. Gumm with this Order.

6.    Ms. Gumm must provide the Court with the original, plus one complete and legible copy, of every paper she submits for filing, as required by this Court's Local Rule 10.1(b).

7.    No further action will be taken on the pending application to waive the filing fee, at docket number 3, until Ms. Gumm fully complies with this Order.

8.    The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Ms. Gumm with this Order.

---

[33] Ms. Gumm is being given the prisoner's civil rights form, because her cause of action accrued while she was a prisoner.

DATED this 7th  day of July, 2006,  at Anchorage, Alaska.


/s/RALPH R. BEISTLINE
United States District Judge